Daniel R. Shaw (SB No. 281387)
daniel@shawfirm.com
Shaw Firm
3196 S. Higuera Street, Suite E
San Luis Obispo, CA 93401
Telephone: (805) 439-4646
Facsimile: (805) 301-8030

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.A., a minor; by and through his parent and guardian, MALISSA LINZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>KONOCTI UNIFIED SCHOOL DISTRICT,<br><br>Defendant. | CASE NO.: 1:21-MC-21-80088<br><br>[~~PROPOSED~~] **ORDER APPOINTING GUARDIAN AD LITEM** |

On April 20, 2021, Malissa Linz, as proposed guardian ad litem of J.A., a minor child, filed a joint Petition For Approval of Minor's Compromise with Defendant Konocti Unified School District ("Defendant"), with respect to causes of action under Section 504 of the Rehabilitation Act and Title II of the Americans with Disabilities Act. The same day, Plaintiff J.A. filed a motion to appoint his mother, Malissa Linz, as *guardian ad litem*.

"To maintain a suit in a federal court, a child or mental incompetent must be represented by a competent adult." *Doe ex rel. Sisco v. Weed Union Elementary School Dist.*, 2:13-cv-01145, 2013 WL 2666024 at *1 (E.D. Cal. June 12, 2013) (citation omitted). Rule 17(c) governs the appearance of minors and incompetent person in federal court. Rule 17(c)(1) prescribes: "The following representative may sue or defend of behalf of a minor or incompetent person: (A) a general guardian; (B) a committee; (C) a conservator; or (D) a like fiduciary." Rule 17(c)(2) states that, "[a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a

guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action."

A court has broad discretion in ruling on a *guardian ad litem* application. *Basque v. Cty. of Placer*, 2017 U.S. Dist. LEXIS 117290 at *2 (E.D. Cal. July 26, 2017). In general, a parent is presumed to act in his or her child's best interest. *See Parham v. J.R.*, 442 U.S. 584, 604 (U.S. 1979) (noting general presumption that parents are presumed to act in the child's best interest).

Upon review, the Court finds Plaintiff J.A.'s motion to appoint Malissa Linz as his *guardian ad litem* should be granted. Linz, as Plaintiff J.A.'s mother, is presumed to act in his best interests, and there is nothing before the Court to undermine that presumption here.

Accordingly, IT IS ORDERED that:

1. Plaintiff J.A.'s "Petition for Guardian ad Litem" is GRANTED; and
2. Malissa Linz is hereby appointed as Plaintiff J.A.'s *guardian ad litem*.

Dated:   April 23, 2021

Robert M. Illman
UNITED STATES MAGISTRATE JUDGE